UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE GEORGES, derivatively on behalf of ACTINIUM PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SANDESH SETH, AVINASH DESAI, MADHURI VUSIRIKALA, SERGIO GIRALT, STEVE O'LOUGHLIN, JEFFREY W. CHELL, DAVID NICHOLSON, AJIT S. SHETTY, and RICHARD I. STEINHART,<br><br>Defendants,<br><br>and<br><br>ACTINIUM PHARMACEUTICALS, INC.,<br><br>Nominal Defendant. | Case No.: 1:25-cv-03738-JPO |
| BIANCA ROBINSON, Derivatively on Behalf of Nominal Defendant ACTINIUM PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SANDESH SETH, STEVE O'LOUGHLIN, AVINASH DESAI, MADHURI VUSIRIKALA, SERGIO GIRALT, C. DAVID NICHOLSON, AJIT SHETTY, RICHARD L. STEINHART, and JEFFREY W. CHELL,<br><br>Defendants,<br><br>and<br><br>ACTINIUM PHARMACEUTICALS, INC.,<br><br>Nominal Defendant. | Case No.: 1:25-cv-04012-JPO |

**STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE RELATED DERIVATIVE ACTIONS AND APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS**

WHEREAS, on May 5, 2025, Plaintiff George Georges ("Plaintiff Georges") filed a shareholder derivative action on behalf of nominal defendant Actinium Pharmaceuticals, Inc. ("Actinium" or the "Company") in this Court alleging causes of action for violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets against defendants Sandesh Seth ("Seth"), Avinash Desai ("Desai"), Madhuri Vusirikala ("Vusirikala"), Sergio Giralt ("Giralt"), Steve O'Loughlin, Jeffrey W. Chell, David Nicholson, Ajit S. Shetty, and Richard I. Steinhart (collectively, the "Individual Defendants" and together with Actinium, the "Defendants"), and for contribution against Seth, Desai, Vusirikala, and Giralt under Sections 10(b) and 21D of the Exchange Act, captioned *Georges v. Seth et al.*, Case No. 1:25-cv-03738-JPO (the "*Georges* Action");

WHEREAS, on May 13, 2025, Plaintiff Bianca Robinson ("Plaintiff Robinson," and together with Plaintiff Georges, the "Plaintiffs") filed a shareholder derivative action on behalf of nominal defendant Actinium in this Court alleging causes of action for violations of Section 14(a) of the Exchange Act, breach of fiduciary duty, aiding and abetting breaches of fiduciary duty, unjust enrichment, and waste of corporate assets, captioned *Robinson v. Seth et al.*, Case No. 1:25-cv-04012 (the "*Robinson* Action," and together with the *Georges* Action, the "Related Derivative Actions");

WHEREAS, on May 6, 2025, Plaintiff Georges served Actinium in the *Georges* Action (*Georges* Action, ECF No. 6);

WHEREAS, Plaintiffs and Defendants (collectively, the "Parties") agree that the Related Derivative Actions challenge substantially similar alleged conduct by the same Company directors

2

and officers and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, the Parties therefore respectfully submit that the Related Derivative Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42(a);

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that The Brown Law Firm, P.C. and Rigrodsky Law, P.A., the respective resumes of which are attached hereto as Exhibits A and B, shall be designated as Co-Lead Counsel representing Plaintiffs in the consolidated derivative action; and

WHEREAS, the Defendants take no position regarding appointment of Co-Lead Counsel for Plaintiffs.

IT IS ACCORDINGLY STIPULATED AND AGREED, among the Parties through their authorized attorneys, and respectfully submitted for the Court's approval, to consolidate the Related Derivative Actions and appoint Co-Lead Counsel for Plaintiffs pursuant to the following terms:

1. To the extent they have not already been served, Defendants accept service of the complaints in the Related Derivative Actions.

2. Within sixty (60) days of the date that the Court enters an order approving this Stipulation, the Parties will meet and confer and submit a proposed scheduling order to the Court. Defendants are not required to respond to the complaints in the Related Derivative Actions until the date set by the Court in ruling on the proposed schedule.

3. The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 1:25-cv-03738-JPO (the "Consolidated Derivative Action");

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Georges v. Seth et al.* | 1:25-cv-03738-JPO | May 5, 2025 |
| *Robinson v. Seth et al.* | 1:25-cv-04012-JPO | May 13, 2025 |

4. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ACTINIUM PHARMACEUTICALS, INC. DERIVATIVE LITIGATION | Case No. 1:25-cv-03738-JPO<br><br>(Consolidated) |

5. All papers filed in connection with the Consolidated Derivative Action will be maintained in one file under Case No. 1:25-cv-03738-JPO and all papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Derivative Action.

6. Co-Lead Counsel for Plaintiffs in this Consolidated Related Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
Saadia Hashmi
Elizabeth Donohoe
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net
Email: shashmi@thebrownlawfirm.net
Email: edonohoe@thebrownlawfirm.net

**RIGRODSKY LAW, P.A.**
Timothy J. MacFall
Vincent A. Licata
Leah B. Wihtelin
825 East Gate Boulevard, Suite 300

Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile: (302) 654-7530
Email: tjm@rl-legal.com
Email: vl@rl-legal.com
Email: lw@rl-legal.com

7. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

8. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs in the Consolidated Derivative Action. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by plaintiffs except through Co-Lead Counsel.

9. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Derivative Action.

10. This Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as the Consolidated Derivative Action, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Actinium Pharmaceuticals, Inc. Derivative Litigation*, Case No. 1:25-cv-02553-JPO, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any derivative case that might properly be consolidated as part of *In re Actinium Pharmaceuticals, Inc Derivative Litigation*, Case No. 1:25-cv-02553-JPO, and counsel are to assist

in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later substantially similar shareholder derivative actions filed in this Court, removed to this Court, reassigned to the Court, or transferred here from another court.

11. This Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions or in the Consolidated Derivative Action.

May 28, 2025                                              **THE BROWN LAW FIRM, P.C.**

   _/s/ Timothy Brown_
Timothy Brown
Saadia Hashmi
Elizabeth Donohoe
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net
Email: shashmi@thebrownlawfirm.net
Email: edonohoe@thebrownlawfirm.net

*Counsel for Plaintiff Georges and [Proposed] Co-Lead Counsel for Plaintiffs*

May 28, 2025                                              **RIGRODSKY LAW, P.A.**

   _/s/ Timothy J. MacFall_
Timothy J. MacFall
Vincent A. Licata
Leah B. Wihtelin
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile: (302) 654-7530
Email: tjm@rl-legal.com
Email: vl@rl-legal.com
Email: lw@rl-legal.com

        *Counsel for Plaintiff Robinson and*
        *[Proposed] Co-Lead Counsel for Plaintiffs*

May 28, 2025          **HOGAN LOVELLS US LLP**

        */s/ Allison M. Wuertz*
        William M. Regan
        Allison M. Wuertz
        Jacey L. Gottlieb
        Elizabeth Cochrane
        390 Madison Avenue New York, NY 10017
        Telephone: (212) 918-3000
        Facsimile: (212) 918-3100
        Email: william.regan@hoganlovells.com
        Email: allison.wuertz@hoganlovells.com
        Email: jacey.gottlieb@hoganlovells.com
        Email: elizabeth.cochrane@hoganlovells.com

        *Counsel for Defendants*

**IT IS SO ORDERED** this _____ day of _____ 2025

        _____
        UNITED STATES DISTRICT JUDGE